UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KELLIE FEENEY,

               Plaintiff,

                                  ORDER
     -against-                  21-CV-1950(JS)(AYS)

VICTORIA'S SECRET STORES LLC,

               Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Kellie Feeney, pro se
                   410 West 4th Street
                   West Islip, New York 11795

For Defendant:     No appearance.


SEYBERT, District Judge:

### Regarding Plaintiff's Initial Filings

On April 12, 2021, Kellie Feeney ("Plaintiff"), acting pro se, filed a Complaint in this Court together with an application for the appointment of pro bono counsel. (See ECF No. 1 (Complaint) and 2 (Application).) At that time, Plaintiff did not remit the required filing fee; nor did she file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated April 16, 2021, Plaintiff was instructed to either remit the $402.00 filing fee or file an enclosed application to proceed in forma pauperis within fourteen (14) days. (See ECF No. 5 (Notice of Deficiency).) On April 26, 2021, Plaintiff filed the application to proceed in forma pauperis (see ECF No. 8), and on

1

April 30, 2021, she paid the $402.00 filing fee.  (See ECF No. 9

(Filing Fee Receipt).)  Accordingly, given Plaintiff's payment of

the filing fee, her application to proceed in forma pauperis is

DENIED AS MOOT.


## Regarding Service of Plaintiff's Complaint

Rule 4(m) of the Federal Rules of Civil Procedure

provides:

> If a defendant is not served within 90 days
> after the complaint is filed, the court--on
> motion or on its own after notice to the
> plaintiff--must dismiss the action without
> prejudice against that defendant or order that
> service be made within a specified time.  But
> if the plaintiff shows good cause for the
> failure, the court must extend the time for
> service for an appropriate period.

Accordingly, by **July 12, 2021**, Plaintiff must serve Defendant with

a copy of the Complaint, together with the required Summons.  See

Fed. R. Civ. P. 4(c)(1)("A summons must be served with a copy of

the complaint.  The plaintiff is responsible for having the

summons and complaint served within the time allowed by Rule 4(m)

and must furnish the necessary copies to the person who makes

service.").  Thereafter, Plaintiff must file proof of such service

with the Court.

<u>Regarding Plaintiff's Application for Appointment of Counsel</u>

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." <u>Hodge</u>, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs:

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

<u>Hodge</u>, 802 F.2d at 61-62 (hereafter, the "<u>Hodge</u> Factors"). These <u>Hodge</u> Factors are not restrictive and "[e]ach case must be decided on its own facts." <u>Id.</u> at 61.

As a threshold matter and as demonstrated by her payment of the filing fee, in this instance Plaintiff has not established

her indigency. Moreover, upon careful review of the facts presented herein and considering the Hodge Factors, the Court finds that the appointment of counsel is not warranted at this time. Even assuming Plaintiff could meet Hodge's threshold requirement, i.e., that her position seems likely to be of substance, the record reflects that the legal issues presented by Plaintiff's claims are not unduly complex and that Plaintiff can adequately prosecute her claims herself pro se. Accordingly, based upon this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. Thus, Plaintiff may choose to pursue this lawsuit herself pro se or to retain an attorney, which would be her responsibility to do so. See 28 U.S.C. § 1654.

## Other Considerations

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should she seek leave to appeal in forma pauperis, any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

As a reminder, Plaintiff is required to advise the Clerk of the Court of any change of address. Plaintiff's failure to

keep the Court informed of a current address means that the Court will not know where to contact Plaintiff, which may result in dismissal of this case.

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  19th  , 2021
        Central Islip, New York